**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | |
|---|---|
| Case No.   **CV 22-650-JFW** | Date: June 7, 2022 |

Title:     In Re: Steve Lewis
           Langlois Family Law, APC-*v*-  Steve Lewis

---

**PRESENT:**

   **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

   Shannon Reilly                              None Present
   Courtroom Deputy                            Court Reporter


**ATTORNEYS PRESENT FOR APPELLANT:**        **ATTORNEYS PRESENT FOR APPELLEE:**
              None                                           None

**PROCEEDINGS (IN CHAMBERS):**      **ORDER AFFIRMING BANKRUPTCY COURT'S JANUARY 25, 2022 JUDGMENT, JANUARY 19, 2022 ORDER FINDING DEFENDANT IS ENTITLED TO ENTRY OF SUMMARY JUDGMENT**


        On January 28, 2022, Appellant Langlois Family Law, APC ("Appellant" or "Plaintiff") filed an Appeal from the United States Bankruptcy Court's January 19, 2022 Order Finding Defendant is Entitled to Summary Judgment ("Order") and January 27, 2022 Judgment in Favor of Defendant Steve Lewis ("Judgment").  (Docket No. 1).   On March 29, 2022, Appellant filed an Opening Brief.  On April 26, 2022, Appellee Steve Lewis ("Appellee" or "Defendant" or "Lewis") filed a Reply Brief. (Docket No. 12).   On May 13, 2022 Appellant filed a Reply Brief.  (Docket No. 15).  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found that this matter was appropriate for decision without oral argument and vacated the hearing date previously set.  After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.      Factual and Procedural Background**

   **A.      The Parties and Prior State Court Proceeding**

   On January 13, 2016, Lewis entered into a written retainer agreement ("Agreement")  with Plaintiff for legal services in connection with dissolution proceedings involving Lewis and his former spouse.  The Agreement provided, in relevant part, that "any and all disputes arising out of or

connected with our attorney-client relationship and/or this retainer agreement shall be determined by confidential binding arbitration." The Agreement further provided that Lewis waived "the right to have the California Rules of Evidence govern the admissibility of evidence" in connection with any confidential binding arbitration.

During the course of representing Lewis, Plaintiff obtained personal and financial information relating to Lewis' financial practices, assets and liabilities and general financial condition. The dissolution proceedings concluded in April 2018. Because Lewis failed to pay his outstanding legal fees and costs Plaintiff and Lewis participated in a binding attorney's fee arbitration hearing on May 17, 2019 ("Arbitration"). Retired Superior Court Judge John W. Ouderkirk served as the arbitrator ("Arbitrator"). In the Final Arbitration Award dated July 30, 2019, Judge Ouderkirk awarded Plaintiff $144,497.95 in outstanding attorney's fees and costs, including accrued finance charges. In making this award, Judge Ouderkirk found that "the attorney's fees incurred were more than reasonable and were necessary in light of the complexity of the litigation [in the marital dissolution proceeding] and [Plaintiff's] success at trial on behalf of [Lewis]" and that "the services provided and costs incurred...were reasonable and actual and in accordance with the terms and conditions of the Retainer Agreement." Judge Ouderkirk did not make any findings as to any issue other than the attorney's fees and costs owed to Plaintiff. In December 2019, based on the Arbitration Award, Plaintiff obtained a money judgment against Lewis in the Los Angeles County Superior Court in the amount of $152,540.75 ("State Court Judgment").

### B.     The Bankruptcy and Adversary Proceeding

On January 29, 2020 Lewis filed a voluntary Chapter 7 petition. On May 1, 2020, Plaintiff initiated an adversary proceeding by filing a Complaint Objecting to the Debtor's Discharge Pursuant to 11 U.S.C. § 727 (a)(4) and subsequently filed a First Amended Complaint ("FAC") on July 20, 2020. The FAC alleged that Lewis should be denied a discharge for knowingly and fraudulently making false oaths and accounts on his bankruptcy schedules. Specifically, the FAC alleged that Lewis' schedules materially understated his income and ownership interest in his business, Core Real Estate Group, Inc. ("Core") by, among other things: (1) misdirecting a portion of his real estate sales to other agents with the understanding that these agents would later return those commissions to him; (2) overstating unreimbursed business expenses to artificially decrease his reported income; and (3) manipulating Core's books and records to understate his bonus income. There is no dispute that these allegations are based on statements and information that Lewis allegedly made or provided to Plaintiff during the course of Plaintiff's representation of Lewis in the marital dissolution proceedings. After the Bankruptcy Judge denied Lewis' Motion to Dismiss the FAC, Plaintiff conducted written discovery and deposed Lewis.

On December 9, 2021 the Bankruptcy Court issued an Order to Show Cause why summary judgment should not be entered in favor of Lewis' ("OSC"). The OSC required Plaintiff to respond to the following Findings and Conclusions made by the Bankruptcy Court: (1) all of the evidence Plaintiff sought to present derives from either confidential information obtained during Plaintiff's representation of Lewis or information that was obtained as a result of the firm's learning of the confidential information through tailored discovery requests; (2) Plaintiff breached its duty of confidentiality in filing the action against Lewis and leveraging confidential information to conduct discovery; and (3) because Plaintiff's entire § 727(a)(4) claim was predicated on confidential

information, the FAC was barred by Plaintiff's ethical obligations to preserve client confidences, and Lewis was thus entitled to summary judgment.

In response to the OSC, Plaintiff argued that Lewis had waived the attorney-client privilege by participating in the Arbitration and because Lewis had agreed that the California Rules of Evidence would not apply to any arbitration proceeding. Plaintiff further argued that under the doctrine of issue preclusion, the Bankruptcy Court was bound by Defendant's alleged waiver of the attorney-client privilege because the Arbitrator's findings were confirmed by the State Court Judgment. Lewis disputed that he waived the attorney-client privilege by participating in the Arbitration, and that even if he did so, the waiver would be limited to the issues in the Arbitration–the reasonableness of the fee award– and would not include confidential information used by Plaintiff to defeat his dischargeability claim.

On January 19, 2022, the Bankruptcy Court entered summary judgment in favor of Lewis, concluding that: (1) Lewis did not waive his attorney-client privilege by executing the Retainer Agreement and participating in the Arbitration; (2) even if Lewis did waive privilege, the waiver would be limited to the matters at issue in the Arbitration (the reasonableness of Plaintiff's fees for representing Lewis in his marital dissolution proceeding) and did not extend to the matters at issue in the dischargeability action (whether Lewis made false representations to the Bankruptcy court); and (3) Plaintiff's § 727(a)(4) claim was thus predicated upon confidential information and barred by the attorney-client privilege. On January 25, 2022 judgment was entered in favor of Lewis.

## II.      Issues on Appeal

Appellant presents the following issues on appeal:

1. "Appellee waived his attorney-client privilege by prior agreement or it did not apply as a matter of law in a prior state court action."

2. "Summary Judgment cannot be granted here as it is forbidden by Rule 56, Federal Rules of Civil Procedure ("FRCP"), where, as here, there is a genuine dispute as to a material fact proceeding."

3. "Appellee's arguments are precluded by the law of the case and/or by the doctrine of res judicata and collateral estoppel."

4. "Because the attorney-client privilege issue, including waiver, was previously litigated in the state court in favor of Appellant, the Doctrine of Issue Preclusion bars relitigation in this bankruptcy proceeding."

5. "The Bankruptcy Court cites *Dubrow v. Rindlisbacher*, 225 B.R. 189 (B.A.P. 9th Cir. 1998) as authority that "'an attorney may reveal confidences and secrets where it is necessary to do so to get paid,'" but held that this exception did not apply in the context of a § 727 complaint." However, *Rindlisbacher* can be distinguished."

6. "The California Doctrine of Merger bars relitigation of issues."

### III.     Legal Standard

The standard of review of bankruptcy court decisions by district courts is well-established, and uncontested by the parties. When reviewing decisions of a bankruptcy court, district courts apply standards of review applicable to the courts of appeals when reviewing district court decisions. *In re Baroff*, 105 F.3d 439, 441 (9th Cir.1997); *see also In re Fields*, 2010 WL 3341813, *2 (E.D. Cal. 2010) ("A district court's standard of review over a bankruptcy court's decision is identical to the standard used by circuit courts reviewing district court decisions.") (citation omitted).

The bankruptcy court's conclusions of law are reviewed *de novo*. *In re Sunnymead Shopping Center Co.,* 178 B.R. 809, 814 (9th Cir.1995) (*citing In re Pecan Groves of Arizona*, 951 F.2d 242, 244 (9th Cir. 1991)). District courts review the bankruptcy court's findings of fact for clear error. *In re Sunnymead Shopping Center Co.*, 178 B.R. at 814 (*citing In re Siriani*, 967 F.2d 302, 303–04 (9th Cir.1992)); *see also* Fed. R. Bank. P. 8013 ("Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous").

### IV.     Discussion

#### A.     The Bankruptcy Court Properly Concluded that Any Waiver of the Attorney-Client Privilege By Signing the Retainer Agreement or Participating in the Arbitration Was Limited to the Scope of the Arbitration

Appellant argues that the Bankruptcy Court erred when it concluded that Lewis did not waive the attorney-client privilege as to the confidential information that Plaintiff attempted to use against Lewis to block Lewis' discharge in the Bankruptcy Court proceeding. In so concluding, the Bankruptcy Court relied on the Ninth Circuit Bankruptcy Appellate Panel's holding in *Rindlisbacher v. Dubrow*, 33 BR 180 (9th Cir. B.A.P. 1998), a case involving facts very similar to those in this case. In *Rindlisbacher*, the debtor's former attorney brought an adversary proceeding seeking to deny the debtor a discharge. The complaint challenging the debtor's discharge was based upon the debtor's alleged failure to disclose his receipt of income from rental property. The plaintiff attorney learned of the existence of the alleged rental income from confidential communications with his former client while representing him in a pre-bankruptcy divorce action. The Bankruptcy Appellate Panel acknowledged the existence of the state ethical rule which permits an attorney to disclose confidential information to the extent necessary to establish or collect a fee:

> The exception to the prohibition on disclosure of client confidences is, however, codified in California's privilege rules. The privilege does not apply to any "communication relevant to an issue of breach, by the lawyer or by the client, of a duty arising out of the lawyer-client relationship." Cal. Evid. Code § 958. Under this rule, the attorney is released from the obligations of secrecy when the disclosure of communications, otherwise privileged, becomes necessary to the protection of the attorney's own rights, such as when the attorney's integrity, good faith, authority or performance of duties is questioned. (Citations omitted*).* Thus, an attorney may reveal confidences and secrets where it is necessary to do so to get paid.

*Id*. at 183.  Nevertheless, the court concluded that § 958--the ethical rule permitting an attorney to use confidential information to the extent necessary to recover a fee from a client--was not applicable to bankruptcy litigation involving an attorney's objection to a discharge of a former client. The court explained:

> Debtor acknowledges that the purpose of this adversary proceeding to deny debtor a discharge is to enable [the attorney] to collect his fees. That does not necessarily mean that the use of the otherwise confidential communication to deny debtor a discharge is the type of use that is allowed under the ethical rules and the privilege. The idea behind the exception to the confidences rule for collection of an attorney's fee is that the client has breached a duty by failing to pay, and the attorney must be able to defend himself against the client's charges of attorney misconduct.  In other words, the client puts the attorney's actions in issue and, in fairness, the attorney must be allowed to defend, even if that defense involves the use of communications that the attorney would otherwise be bound to maintain as confidential.  *A debtor's pursuit of a discharge is not a breach of the duty to pay; it is a right provided by the Bankruptcy Code.  By seeking a discharge the client does not in any way call into question the validity of the attorney's fee or the attorney's actions. He merely seeks to obtain a benefit that the law allows*.  Because there is no breach of duty by the client, and no claim against the attorney which the attorney must in fairness be permitted to defend, the exception to the confidences rule for disclosure of communications necessary to allow the attorney to collect a fee does not apply.

*Id.* (emphasis added).  The Ninth Circuit Bankruptcy Appellate Panel then affirmed the bankruptcy judge's decision granting summary judgment in favor of the debtor.

     Relying on the holding in *Rindlisbacher*, the Bankruptcy Court granted summary judgment in favor of Lewis.  Appellant had argued that because Lewis agreed to mandatory binding arbitration for all disputes arising out of or connected with the attorney-client relationship and waived the right to have the California Rules of Evidence–including § 912(a)'s protection of attorney-client privileged information--Lewis waived his right to assert the privilege in any and all disputes between himself and his former counsel.  In granting summary judgment, the Bankruptcy Court held, "[f]irst, the Retainer Agreement provided that "disputes arising out of or connected with the attorney-client relationship...shall be determined by confidential binding arbitration. Consequently, there is no merit to Plaintiff's contention that the issues resolved by the Arbitrator were a matter of public record, and that accordingly Lewis waived the attorney-client privilege with respect to those issues."  The Bankruptcy Court further held that Cal. Evid. Code § 912(a) provides that a disclosure that is itself privileged is not a waiver of any privilege.  "Because the Arbitration was confidential, any disclosures made by Lewis in connection with the Arbitration were privileged and fall within the safe harbor created by Cal. Evid. Code § 912(c)."

     Appellant argues that the Bankruptcy Court erred in making this determination.  However, the Court need not decide whether the Bankruptcy Court erred because the Court affirms the Bankruptcy Court's determination that even if Lewis did waive the attorney-client privilege for purposes of the Arbitration, his waiver did not extend to the confidential information Plaintiff relied on in bringing his claim in the dischargeability action.  The Bankruptcy Court correctly held that the scope of any waiver in this matter, if any, was limited to the Arbitration and did not extend to the dischargeability action:

>The issues raised in the Arbitration are completely different from the issues raised in this dischargeability action.  The issue in the Arbitration proceeding was whether the fees charged by Plaintiff for representing Defendant in the dissolution proceeding were reasonable.  The issue in this dischargeability action is whether Defendant engaged in wrongful conduct sufficiently egregious to warrant the denial of a bankruptcy discharge by, among other things, falsifying his income and making other misrepresentations to the Bankruptcy Court.  Therefore, even if Defendant had waived the privilege in the Arbitration proceeding...that waiver did not extend to this dischargeability action.  The narrow scope of the waiver means that a waiver with respect to one issue (the reasonableness of attorney's fees) cannot extend to a completely different issue (whether Defendant misrepresented his income).

The Bankruptcy Court also correctly rejected Plaintiff's waiver argument because the Agreement's arbitration provisions applied only the "disputes arising out of or connected with [the] attorney-client relationship and/or this retainer agreement" and not to the issue of whether Lewis was entitled to discharge of his debt to Plaintiff in the Bankruptcy proceeding.  Citing *Rindlisbacher*, the Bankruptcy Court explained that a pursuit of discharge is not a breach of duty to pay attorney's fees or a way to challenge the validity of the fee amount or attorney's actions.  "By pursuing discharge the client...merely seeks to obtain a benefit that the law allows."  *Rindlisbacher*, 225 B.R. at 182.

In addition, the Court concludes that the Appellant fails to meet its burden of demonstrating that there was an issue of material fact preventing the Bankruptcy Court from concluding that "any waivers of the privilege during the Arbitration would be limited to the Arbitration."  Under California law, the duty to maintain client confidences applies unless counsel must reveal confidential information in order to get paid or to defend charges of improper conduct.  *California Evidence Code § 958*.  The reason for this rule is simple.  "It would be unjust to permit a client either to accuse his attorney of a breach of duty and to invoke the privilege to prevent the attorney from bringing forth evidence in defense of the charge or to refuse to pay his attorney's fee and invoke the privilege to defeat the attorneys' claim."  *California Evidence Code § 958*, Law Revision Commission Comments, 1967 Amendments.  Here, the Agreement recognized this principle–Lewis agreed to waive the privilege to the extent necessary for Plaintiff to prove that he was obligated to pay the fees Plaintiff claimed that he owed and nothing more.  The Bankruptcy Court correctly concluded that by signing the Agreement and submitting to binding Arbitration, Lewis did not waive the protection of the attorney-client privilege for all of the confidential information he shared with his attorney and for all purposes.  "The scope of [an attorney-client privilege] waiver is narrowly defined and the information required to be disclosed must fit strictly within the confines of that waiver."  *Sony Computer Ent. Am., Inc. v. Great Am. Ins. Co.*, 229 F.R.D. 632, 635 (N.D. Cal. 2005).  Plaintiff has failed to present any specific evidence demonstrating that the confidential information it used to challenge Lewis' discharge was the same information used to prove the reasonableness of his fees in the Arbitration.  The Court thus affirms the Bankruptcy Court's holding that Lewis' limited waiver, if any, in connection with the Arbitration

did not extend to the confidential information Plaintiff sought to use against Lewis in the bankruptcy matter.[1]

### B. The Bankruptcy Court Properly Concluded that Plaintiff's Dischargeability Claim Was Barred Because it Was Premised on Confidential Information

The Bankruptcy Court granted summary judgment on Plaintiff's § 727(a)(4) claim objecting to discharge based on its determinations that: (1) Plaintiff learned of Lewis' alleged wrongdoing (the alleged income understatement) while representing Lewis in his marital dissolution proceeding; (2) Lewis' waiver of the protections of the attorney-client privilege was limited to the fee dispute at issue in the Arbitration and did not extend to the confidential information regarding Lewis' alleged understatement of income; and (3) Plaintiff's § 727(a)(4) claim was thus improperly predicated upon confidential information. The Court affirms the Bankruptcy Court's determinations, and holds that the Bankruptcy Court correctly concluded that under *Rindlisbacher,* Plaintiff's claim was barred as a matter of law, and Lewis was entitled to summary judgment. As the court in *Rindlisbacher* stated in affirming the bankruptcy judge's order granting summary judgment on a § 727(a)(4) claim premised on attorney-client privileged information, "where the attorney obtains information in confidence from the client, the attorney cannot later use that information...as the basis for a proceeding to deny discharge." 225 B.R. at 184.

## V. Conclusion

For all the foregoing reasons, the Bankruptcy Court's January 19, 2022 Order and January 25, 2022 Judgment are **AFFIRMED**.

IT IS SO ORDERED.

---

[1] Appellant argues that the Bankruptcy Court was somehow precluded from considering whether Lewis had waived the protections of the attorney-client privilege in the bankruptcy proceeding by the doctrines of law of case, res judicata, collateral estoppel, issue preclusion or doctrine of merger. Plaintiff's arguments are erroneously based on Plaintiff's claim that Lewis waived the privilege as to any and all communications with Plaintiff by signing the Agreement and participating in the Arbitration, and that there was some prior determination by the Arbitrator or State Court to that effect. Because the Court concludes that Lewis did not waive his attorney-client privilege, however, Plaintiff's argument fails. Moreover, there is simply nothing in the Arbitrator's award or the Judgment entered by the Superior Court regarding Plaintiff's attorney's fee award to suggest that there was any prior finding or determination of the attorney-client privilege waiver issue that would govern the Bankruptcy Court action.